# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 6, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| JOHN ROPER, *as parent and natural guardian of infant, J.R.*, | * * * | No. 20-1032V |
| | * | Special Master Young |
| Petitioner, | * * | |
| v. | * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Bruce William Slane*, Law Office of Bruce W. Slane, P.C., White Plains, NY, for Petitioner;
*Tyler King*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On August 18, 2020, John Roper ("Petitioner") on behalf of his son, J.R., filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program. 42 U.S.C. § 300aa-10 to -34 (2018)[2] (the "Vaccine Act" or "Program"). Petitioner alleged that the diphtheria-tetanus-acellular pertussis ("Dtap"), Inactivated poliovirus ("IPV"), and hepatitis A vaccines that J.R. received on September 28, 2018, caused him to suffer from encephalopathy or encephalitis. Pet. at 1, ECF No. 1. On July 12, 2023, the parties filed a stipulation, which I adopted as my decision awarding compensation on September 14, 2023. (ECF No. 56).

On January 31, 2024, Petitioner filed a final motion for attorneys' fees and costs. Pet'r's Mot. for Final Attorneys' Fees and Costs [hereinafter "Pet'r's Mot. for AFC"], ECF No. 61. Petitioner requests total attorneys' fees and costs in the amount of $59,354.68, representing

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

$58,247.55 in attorneys' fees and $1,107.13 in attorneys' costs. Pet'r's Mot. for AFC at 1. Pursuant to General Order No. 9, Petitioner has indicated that he has not personally incurred any costs in pursuit of her petition. Pet'r's Mot. for AFC, Tab C. Respondent responded to the motion on February 1, 2024, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2, ECF No. 62. Petitioner did not file a reply. This matter is now ripe for consideration.

I.    **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

A.    **Hourly Rate**

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The

Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

Petitioner requests the following rates for the work of his counsel: for Mr. Bruce Slane, $355.00 per hour for work performed in 2019, $365.00 per hour for work performed in 2020, $375.00 per hour for work performed in 2021, $400.00 per hour for work performed in 2022, $425.00 per hour for work performed in 2023, and $440.00 per hour for work performed in 2024; for Mr. Christian Martinez, $215.00 per hour for time billed in 2019; $225.00 per hour for time billed in 2020, $235.00 per hour for time billed in 2021, and $265.00 per hour for time billed in 2022; and for Mr. Jeremy Barberi, $345.00 per hour for work performed in 2022, and $375.00 per hour for work performed in 2023. These rates are consistent with what counsel has previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein.

### B.     Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

After a careful review of Petitioner's attorneys' fees and costs motion, I find that a reduction in Petitioner's fee award is warranted. First, the time spent drafting the petition was excessive. "Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton, 3 F.3d at 1521 (quoting Hensley, 461 U.S. at 434). Counsel spent nearly 40 hours over the span of 14 months drafting and reviewing the 15-page petition that was filed in this case, which is excessive. *See* Pet'r's Mot. for AFC, Tab A at 5, 7-8, 10-17.

Second, although the office's attorneys billed at paralegal rates for some of the work performed, the billing entries reveal time was billed for administrative tasks, such as filing documents and reviewing CMECF notifications for documents they just filed. *See* Pet'r's Mot. for AFC, Tab A at 18, 20, 22-23, 28-29, 33-38, 40, 43-44, 46-50, 52-53. Billing at any rate for clerical and other administrative work is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (noting that tasks that "were primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). Clerical and administrative work includes tasks such as making travel arrangements, setting up meetings, reviewing invoices, filing documents, and researching basic aspects of the Vaccine Program, "for which neither an attorney nor a paralegal should charge." *Hoskins v. Sec'y of Health & Human Servs.*, No. 15-071V, 2017 WL 3379270, at *3, 6–7 (Fed. Cl. Spec. Mstr. July 12, 2017); *see also Floyd v. Sec'y of Health & Human Servs.*, No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) ("[S]ome tasks performed by paralegals were clerical / secretarial in nature. Examples include scheduling status conferences ... preparing compact discs ... and filing documents through the CM/ECF system."); *Kerridge v. Sec'y of Health & Human Servs.*, No. 15-852V, 2017 WL 4020523, at *6 (Fed. Cl. Spec. Mstr. July 28, 2017) (noting that billing for "administrative tasks" ... are not compensated in the Vaccine Program); *Silver v. Sec'y of Health*

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

3

*& Human Servs.*, No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks.").

Finally, many of the entries for communication, such as emails and phone calls, do not contain enough specificity to allow the undersigned to determine their reasonableness. Such entries should contain a brief description of the nature of the communication. *See Mostovoy v. Sec'y of Health &Human Servs.*, No. 02-10V, 2016 WL 720969, at *6 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) ("It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable."). For example, there are various entries for "TC to [or from] client" and "TC to [different medical providers]" without more details and some of these entries occurred numerous times on the same days. *See* Pet'r's Mot. for AFC, Tab A. In the instant case, the majority of billing entries concerning communication do not contain any indication of the topic of that communication, making it difficult for the undersigned to determine whether such communication was necessary and reasonable.

These are not new issues to Mr. Slane. *See, e.g., Carrasquillo v. Sec'y of Health & Hum. Servs.*, No. 21-1866V, 2023 WL 4879163, at *2-3 (Fed. Cl. Spec. Mstr. July 7, 2023); *Hinton v. Sec'y of Health & Human Servs.*, No. 16-1140V, 2022 WL 17829727, at *3 (Fed. Cl. Spec. Mstr. Nov. 2, 2022), 2022 WL 17829727, at *3; *Knapp v. Sec'y of Health & Human Servs.*, No. 17-764V, 2020 WL 6146577, at *2 (Fed. Cl. Spec. Mstr. Sept. 18, 2020); *Johnson v. Sec'y of Health & Human Servs.*, No. 16-415V, 2020 WL 3496145, at *2 (Fed. Cl. Spec. Mstr. May 6, 2020). In making reductions, a line-by-line evaluation of the fee application is not required. *Broekelschen v. Sec'y of Health and Human Servs.*, 102 Fed. Cl. 719, 729 (2011); *see also Wasson v. Sec'y of Health and Human Servs.*, 24 Cl. Ct. 482, 484 (1991). Rather, special masters may "'render a decision based on general guidelines as to a reasonable fee[ ]'" in the context of the Vaccine Program and of this case in particular. *Wasson*, 24 Cl. Ct. at 484. Thus, the undersigned finds a 10% reduction in fees reasonable. This results in a reduction of $5,824.76. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $52,422.79.

### C.   Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $1,107.13 in attorneys' costs. This amount is comprised of acquiring medical records, postage, and filing fees. Pet'r's Mot. for AFC, Tab B. These costs have been supported with the necessary documentation and are reasonable. Accordingly, Petitioner is entitled to final attorneys' costs in the amount of $1,107.13.

## II.   Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| Attorneys' Fees Requested | $58,247.55 |
|---|---|
| (Reduction to Fees) | ($5,824.76) |
| **Total Attorneys' Fees Awarded** | **$52,422.79** |
| | |
| Attorneys' Costs Requested | $1,107.13 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$1,107.13** |
| | |
| **Total Attorneys' Fees and Costs** | **$53,529.92** |

**Accordingly, the undersigned awards a lump sum in the amount of $53,529.92, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and his counsel, Mr. Bruce W. Slane.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Herbrina Sanders Young
Herbrina Sanders Young
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.